IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC ALSTON,

    Plaintiff,                       No. 2:13-cv-1488 DAD P

    vs.

COUNTY OF SACRAMENTO
SHERIFF'S DEPARTMENT,
et al.,

    Defendants.                  <u>ORDER</u>

/

        Plaintiff is a former county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell, 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

This action arises from an alleged knee injury suffered by plaintiff during an arrest at the Sacramento County Traffic Court. (omplaint, filed July 24, 2013 (ECF No. 1), at 3.) Plaintiff names twenty-three defendants in his complaint.

1  Plaintiff first alleges that he was injured during his arrest by defendants Ralston,
2 Lunar, and Willis, leaving him with a knee injury and a possible concussion.  (Complaint (ECF
3 No. 1) at 3.)  Plaintiff does not allege what these defendants did or did not do to cause the
4 injuries he allegedly suffered.  For this reason, the allegations of the complaint with respect to
5 these three defendants are too vague and conclusory to state a cognizable claim for relief.  The
6 court will, however, granted plaintiff leave to amend his complaint to cure the defects in the
7 claim against these three defendants.

8  Plaintiff also includes several claims in which he alleges violations of his
9 constitutional rights by "defendants" without naming specific individual defendants.  (See, e.g.,
10 Complaint (ECF No. 1) at 3 ¶ 7.)  Plaintiff will be granted an opportunity to cure these
11 deficiencies in an amended complaint.

12  Plaintiff makes a series of allegations against "members of the Correctional
13 Health Services," but he does not name individual medical workers as defendants and he has not
14 identified any individual employee of Correctional Health Services in any of these sets of
15 allegations.  (See, e.g., Complaint (ECF No. 1) at 3 ¶ 8.)  Plaintiff will be granted an opportunity
16 to cure these deficiencies in an amended complaint.

17  The complaint has no charging allegations against the County of Sacramento,
18 defendants Harrison, Brucker, Aragon, Robert, Snyder, or Grassman.  In any amended complaint
19 he elects to file, plaintiff should either omit these defendants or include allegations of specific
20 acts or omissions each or any of them that caused or contributed to the alleged constitutional
21 violations.

22  Finally, the complaint states a cognizable claim for relief against defendants
23 Jones, Douglas, Steed, Outman, Bacoch, Mrozinski, Triplett, Gandhi, Grgich, and Caramello.
24 Accordingly, if plaintiff elects to file an amended complaint, he should simply replead the
25 allegations against these defendants.
26 /////

1    For all of the foregoing reasons, as noted above, plaintiff will be granted an
2 opportunity to file an amended complaint.  If plaintiff chooses to amend the complaint, plaintiff
3 must allege facts demonstrating how the conditions complained of have resulted in a deprivation
4 of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the
5 complaint must allege in specific terms how each named defendant is involved.  There can be no
6 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
7 defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
8 Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
9 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
10 violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

11    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading.  This is because, as a
14 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
16 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
17 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:
19    1. Plaintiff's request for leave to proceed in forma pauperis is granted.
20    2. Plaintiff's complaint is dismissed.
21    3. Within thirty days from the date of this order, plaintiff shall complete the
22 attached Notice of Amendment and submit the following documents to the court:
23        a. The completed Notice of Amendment; and
24        b. An original and one copy of the Amended Complaint.
25 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
26 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: September 3, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
alst1488.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

        Plaintiff,                              No. 2:#cv-

  vs.

                                            NOTICE OF AMENDMENT

        Defendants.

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Amended Complaint

DATED:

                                                 _____

                                                 Plaintiff