UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALSTON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT et al.,<br><br>    Defendants. | No. 2:13-cv-1488 DAD P<br><br><br>ORDER |

Plaintiff is a former county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint.

**SCREENING REQUIREMENT**

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however

/////

1

1   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639,

2   640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

3        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

4   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

5   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

6   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

7   However, in order to survive dismissal for failure to state a claim a complaint must contain more

8   than "a formulaic recitation of the elements of a cause of action;" it must contain factual

9   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

10  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

11  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

12  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

13  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14       The Civil Rights Act under which this action was filed provides as follows:

15  > Every person who, under color of [state law] . . . subjects, or causes
    > to be subjected, any citizen of the United States . . . to the
16  > deprivation of any rights, privileges, or immunities secured by the
    > Constitution . . . shall be liable to the party injured in an action at
17  > law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

19  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

22  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

23  omits to perform an act which he is legally required to do that causes the deprivation of which

24  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

26  their employees under a theory of respondeat superior and, therefore, when a named defendant

27  holds a supervisorial position, the causal link between him and the claimed constitutional

28  violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In plaintiff's amended complaint, he has identified more than twenty-five defendants in this action.  Plaintiff's complaint is both verbose and yet conclusory in many respects.  However, therein plaintiff appears to allege as follow. Plaintiff was arrested at the Sacramento County Traffic Court and injured by defendants when they arrested him.  Plaintiff acknowledges that he was mentally unstable at the time because he had not taken his mental health medication for some time.  Plaintiff alleges that he was housed in the medical unit at the Sacramento County Main Jail and began pushing his bed into the cell door creating significant damage to the cell and door. Officers arrived at his cell and transferred him to a psych location in the main jail because they believed he was a danger to himself.  According to plaintiff, defendants shackled him to his bed, refused to feed him lunch, and forced him to urinate and defecate on himself.  Plaintiff alleges that he subsequently had to go to court.  Defendants knew he had a knee problem and needed a knee brace, but they housed him on the eighth floor of the jail and made him walk up and down the stairs each time he needed to leave or see a visitor.  Plaintiff was transferred to Rio Cosumnes Correctional Center where he was also required to climb stairs to see visitors.  Plaintiff claims that the defendants were deliberately indifferent to his serious medical needs, that they violated the Americans with Disabilities Act, and that they maintained unspecified unconstitutional policies and negligently supervised their staff.  (Am. Compl. at 9-23.)

## DISCUSSION

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

1   Plaintiff must allege with at least some degree of particularity overt acts which defendants
2   engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the
3   requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interest
4   of justice, the court will grant plaintiff leave to file a second amended complaint.

5         If plaintiff chooses to file a second amended complaint, plaintiff should clarify which of
6   his constitutional rights he believes each defendant has violated and support each such claim with
7   factual allegations about the defendant's actions.  Plaintiff must allege facts demonstrating how
8   the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or
9   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  In addition, plaintiff must
10  allege in specific terms how each named defendant was involved in the deprivation of plaintiff's
11  rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
12  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.
13  362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
14  743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights
15  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16        If plaintiff believes that defendants violated his right to adequate medical care by not
17  providing him with certain devices for his knee, such as a knee brace, he should state so clearly in
18  his second amended complaint and explain who was involved in administering medical care to
19  him at the jail.  Plaintiff is advised, however, that the Supreme Court has held that inadequate
20  medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless
21  the mistreatment rose to the level of "deliberate indifference to serious medical needs."  Estelle v.
22  Gamble, 429 U.S. 97, 106 (1976).  See also Simmons v. Navajo County, 609 F.3d 1011, 1017
23  (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the
24  Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial
25  detainees, we apply the same standards in both cases.") (internal citations omitted).  In general,
26  deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere
27  with medical treatment, or may be shown by the way in which prison officials provide medical
28  care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  See also Wood v.

1   Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we
2   scrutinize the particular facts and look for substantial indifference in the individual case,
3   indicating more than mere negligence or isolated occurrences of neglect.").

4       In any second amended complaint he may elect to file, plaintiff will need to allege facts
5   demonstrating how any defendant's actions rose to the level of "deliberate indifference."  Plaintiff
6   is cautioned that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
7   cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429
8   U.S. at 105-06).  See also Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In
9   determining deliberate indifference, we scrutinize the particular facts and look for substantial
10  indifference in the individual case, indicating more than mere negligence or isolated occurrences
11  of neglect.").

12      In addition, insofar as plaintiff wishes to proceed on a claim under the ADA he is advised
13  that Title II of the ADA provides that:

14
15  > no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.
16

17  To state a claim under the ADA, a plaintiff must allege that:  (1) he or she is a qualified individual
18  with a disability; (2) he or she was excluded from participation in or otherwise discriminated
19  against with regard to a public entity's services, programs, or activities, and (3) such exclusion or
20  discrimination was by reason of his or her disability.  See O'Guinn v. Lovelock Correctional
21  Center, 502 F.3d 1056, 1060 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.
22  2002).

23      In his amended complaint, plaintiff alleges that defendants failed to provide him with
24  certain devices for his knee and failed to house him on appropriate floors that would not require
25  him to climb stairs.  In this regard, however, plaintiff alleges that defendants have denied him
26  adequate medical care for his knee.  Plaintiff has not alleged that defendants discriminated against
27  him or treated him differently because of a disability.  In any second amended complaint plaintiff
28  elects to file, he will need to include factual allegations that address how defendants' refusal to

1  provide him with certain devices for his knee or specific housing was because he is mobility-
2  impaired or because he has a medical condition.  See Duvall v. County of Kitsap, 260 F.3d 1124,
3  1138 (9th Cir. 2001) (Title II of the ADA requires intentional discrimination); Rucker v. Trent,
4  No. C 11-4312 YGR (PR), 2012 WL 4677741 at *4 (N.D. Cal. Sept. 30, 2012) ("the ADA
5  prohibits discrimination because of a disability, not inadequate treatment for a disability"); Brown
6  v. Castillo, No. 1:02-cv-06018-LJO-DLB PC, 2007 WL 3054165 at *16 (E.D. Cal. Oct. 19, 2007)
7  ("plaintiff has a disability within the meaning of the ADA and the RA, however, plaintiff has not
8  alleged that he was excluded from or denied a prison program based on his disability.").

9  　　　　　Finally, the court observes that plaintiff has named Sacramento County and a number of
10  supervisory officials as defendants.  Neither municipalities nor supervisory personnel may be held
11  liable for an injury inflicted by an employee under a theory of respondeat superior.  See Monell,
12  436 U.S. 691; Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisory defendant may
13  be held liable under § 1983 only "'if there exists either (1) his or her personal involvement in the
14  constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful
15  conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
16  1989)).  If plaintiff wishes to proceed against these defendants in this action, he will need to
17  allege a specific causal link between these defendants' policies or actions and his claimed
18  constitutional violations.

19  　　　　　Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his
20  second amended complaint complete.  Local Rule 220 requires that an amended complaint be
21  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
22  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
23  Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleading no longer serves
24  any function in the case.  Therefore, in a second amended complaint, as in an original complaint,
25  each claim and the involvement of each defendant must be sufficiently alleged.
26  /////
27  /////
28  /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (Doc. No. 7) is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

Dated: August 5, 2014

_DALE A. DROZD_
UNITED STATES MAGISTRATE JUDGE

DAD:9
alst1488.14am