UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALSTON, | No. 2:13-cv-1488 DAD P |
| Plaintiff, | |
| v. | ORDER AND |
| COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a former county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint.

**SCREENING REQUIREMENT**

The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however

/////

inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

2

1  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
2  concerning the involvement of official personnel in civil rights violations are not sufficient.  See
3  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S SECOND AMENDED COMPLAINT

In plaintiff's second amended complaint, he has identified the County of Sacramento, Sheriff Scott Jones, and twenty or more other county jail officials and medical personnel as the defendants in this action.  Plaintiff alleges that he suffers from serious medical issues related to his knee and has a history of mental health illness.  He further alleges that he has prescribed medication and medical devices to help him, including a knee brace, and a "recommendation" that he be housed on the lower tier of the jail so he does not have to walk up or down stairs.  (Sec. Am. Compl. 2-8.)

Plaintiff alleges that in December 2012, defendants arrested him in traffic court.  During the course of that arrest, plaintiff alleges that defendants injured him.  Plaintiff acknowledges that he was mentally unstable at the time of his arrest because he had not taken his mental health medication for some time.  Plaintiff alleges that during his transport to the county jail, he fell a number of times and suffered a head injury because defendants did not strap him in the police van with a safety belt.  Plaintiff also alleges that the defendants had all of his medical paper work and SSI paperwork that reflected his disabilities, but they lost it.  (Sec. Am. Compl. 9-11.)

Upon arrival at the jail, plaintiff alleges that county jail officials housed him in the medical unit.  Plaintiff alleges that he began experiencing a "mental illness episode" and pushed his bed into his cell door numerous times doing significant damage to the cell and cell door.  According to plaintiff, defendants put handcuffs and leg restraints on him and placed him in safety cell #1.  They left plaintiff shackled there for hours and caused him to urinate and defecate on himself.  A deputy brought plaintiff a roll of new clothes, put him in another safety cell, and told him to take a bird bath.  On the following day, plaintiff alleges that defendants believed he was a danger to himself and shackled him to his bed, gave him two un-prescribed medications, refused to feed him lunch, and forced him to urinate and defecate on himself again.  (Sec. Am. Compl. at 12-14.)

1    Two days later, plaintiff alleges that he was required to go to court.  According to
2    plaintiff, defendants knew he had a knee problem, had just had surgery, and needed a knee brace,
3    but they forced him to walk up the stairs to court.  Plaintiff alleges that he told them he could not
4    walk up the stairs because of the pain he was in, but the deputies ignored him.  Plaintiff notes that
5    defendants also housed him on the eighth floor of the jail and made him walk up and down the
6    stairs each time he needed to leave or see a visitor.  (Sec. Am. Compl. at 14-16.)

7    In January 2013, plaintiff alleges that his knee locked up and gave out while he was at the
8    jail.  Plaintiff asked Correctional Health Services for an MRI or an x-ray, but they denied his
9    requests, which plaintiff believes resulted in further injury to his knee.  Plaintiff also alleges that
10   he asked for an asthma inhaler when he was having trouble breathing after taking Naproxen, but
11   Correctional Health Services did not respond to his request.  In the same month, plaintiff was
12   transferred to Rio Cosumnes Correctional Center.  He alleges that defendants there also forced
13   him to climb stairs.  (Sec. Am. Compl. at 16-19.)

14   Plaintiff claims that the defendants were deliberately indifferent to his serious medical
15   needs, violated the Americans with Disabilities Act ("ADA"), maintained unconstitutional
16   policies and negligently supervised staff, and violated state law.  (Sec. Am. Compl. at 22-26.)

## DISCUSSION

18   The court will address each of plaintiff's claims in turn.  First, as to plaintiff's inadequate
19   medical care claims, this court finds that liberally construed plaintiff's second amended complaint
20   appears to state a cognizable claim for relief for deliberate indifference to his serious medical
21   needs under the Fourteenth Amendment.  Specifically, the court finds that plaintiff's complaint
22   appears to state a cognizable claim against defendants County of Sacramento, Jones, Fitch,
23   Douglas, Steed, Harrison, Bacoch, Gandhi, Grgich, Carmello, Doe 12, and Doe 13 in connection
24   with their refusal to adhere to his medical "recommendation" or chrono stating he needed to be
25   housed on a lower tier and avoid climbing stairs.  See Simmons v. Navajo County, 609 F.3d
26   1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather
27   than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial
28   detainees, we apply the same standards in both cases.") (internal citations omitted); see also

Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (allegations of municipal liability do not require heightened pleading standard); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) (holding that it is improper to dismiss on the pleadings alone a § 1983 complaint alleging municipal liability even if the claim is based on nothing more than a bare allegation that individual employee's conduct conformed to official policy, conduct, or practice).  The court further finds that plaintiff's complaint appears to state a cognizable claim against these same defendants for negligence in connection with their refusal to adhere to his medical "recommendation" or chrono.  See Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003) (negligence under California law requires duty, breach, causation, and damages).  If plaintiff can prove the allegations in his complaint, he has a reasonable opportunity to prevail on the merits of this action.[1]

Turning now to plaintiff's ADA claims, the court finds that plaintiff's second amended complaint fails to state a cognizable claim for relief.  Title II of the ADA provides that:

> no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity.

As this court previously advised plaintiff, to state a claim under the ADA, a plaintiff must allege that:  (1) he or she is a qualified individual with a disability; (2) he or she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of his or her

/////

---

[1] The undersigned finds that plaintiff's allegations against the remaining defendants for their alleged inadequate medical care do not rise to the level of a federal constitutional violation.  As an initial matter, in many instances, plaintiff fails to specify which named defendant was involved in the denial of his medical care, and instead, only refers generally to "defendants" or "Correctional Health Services."  Moreover, as this court previously advised plaintiff, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support [a] cause of action" for deliberate indifference.  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Likewise, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

disability. See O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1060 (9th Cir. 2007); Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

In his second amended complaint, plaintiff has not alleged that defendants discriminated against him or treated him differently *because of* a disability. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) (Title II of the ADA requires intentional discrimination); Rucker v. Trent, No. C 11-4312 YGR (PR), 2012 WL 4677741 at *4 (N.D. Cal. Sept. 30, 2012) ("the ADA prohibits discrimination because of a disability, not inadequate treatment for a disability"); Brown v. Castillo, No. 1:02-cv-06018-LJO-DLB PC, 2007 WL 3054165 at *16 (E.D. Cal. Oct. 19, 2007) ("plaintiff has a disability within the meaning of the ADA and the RA, however, plaintiff has not alleged that he was excluded from or denied a prison program based on his disability."). Accordingly, the court will recommend dismissal of plaintiff's ADA claims.

Finally, plaintiff asserts several state law claims, including a negligence claim against all of the defendants based on all of the alleged misconduct in his complaint. Except as already described above, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. See City of Chicago v. Intern. College of Surgeons, 522 U.S. 156, 172 (1997) (a federal court's supplemental jurisdiction is governed by a doctrine of discretion, not of right); 28 U.S.C. § 1367(c)(2) (a district court may decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction").

State law claims are part of the same case as federal claims if they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). For example, as discussed above, plaintiff's second amended complaint appears to state a cognizable claim under the Fourteenth Amendment against the defendants for their refusal to adhere to his medical "recommendation" or chrono. Plaintiff asserts a state law negligence claim against defendants based on the same conduct, so the court will exercise supplemental jurisdiction over these negligence claims.

/////

However, because plaintiff's other state law claims against defendants (e.g., for failure to strap in him the police van with a safety belt) are unrelated to plaintiff's Fourteenth Amendment claim, the undersigned finds that "economy, convenience and fairness to the parties, and comity" are all served by dismissing plaintiff's remaining state law claims without prejudice to pursuing them in state court.  See Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003).  See also Lopez v. Florez, No. 1:08-CV-01975-LJO, 2011 WL 6753987, at *5 (E.D. Cal. Dec. 23, 2011) ("Thus, because Plaintiff's state law claims regarding the denial of medications for his back, do not share a common nucleus of facts with his cognizable federal "deliberate indifference" claims regarding the denial of pain medication following his surgery, the court will not extend its pendant jurisdiction to Plaintiff's claims of negligence and malpractice regarding the treatment of his back condition), adopted by, No. 1:08-CV-01975-LJO, 2012 WL 273363 (E.D. Cal. Jan. 30, 2012).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. This case proceed on plaintiff's deliberate indifference and negligence claims against defendants County of Sacramento, Jones, Fitch, Douglas, Steed, Harrison, Bacoch, Gandhi, Grgich, Carmello, Doe 12, and Doe 13[2] in connection with their refusal to adhere to his medical "recommendation" or chrono stating he needed to be housed on a lower tier and avoid climbing stairs;

2. Plaintiff's claims under the Americans with Disabilities Act be dismissed for failure to state a claim;

3. The court decline to exercise supplemental jurisdiction over any state law claims except as stated herein; and

---

[2] The court cannot order service of plaintiff's complaint on defendants not actually identified by name in his second amended complaint.  However, if plaintiff learns the identity of Doe 12 and Doe 13 through discovery or other means, he may file a motion for leave to amend his complaint to identify these defendants by name.

7

      4. This matter be referred back to the assigned Magistrate Judge for service of the second amended complaint on defendants as provided herein.

      These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
alst1488.56