UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ALSTON,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | No. 2:13-cv-1488 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges defendants were deliberately indifferent to his medical needs and negligent when they forced him to use stairs despite knowledge of his knee injury. Before the court is defendants' motion to dismiss on the grounds that plaintiff fails to allege cognizable claims for relief. For the reasons set forth below, the court finds defendants' motion should be granted in part and denied in part.

**BACKGROUND**

This case is proceeding on plaintiff's second amended complaint ("SAC") filed September 4, 2014. (ECF No. 9.) Therein, plaintiff identified the County of Sacramento, Sheriff Scott Jones, and twenty or more other county jail officials and medical personnel as the defendants in this action. On screening, the court found plaintiff had stated claims for deliberate indifference

and negligence against defendants County of Sacramento, Jones, Fitch, Douglas, Steed, Harrison, Bacoch, Gandhi, Grgich, Carmello, Doe 12, and Doe 13 in conjunction with their refusal to adhere to his medical recommendation or chrono stating that he needed to be housed on a lower tier and avoid climbing stairs. (Oct. 30, 2015 Findings & Recos. (ECF No. 10) at 7.) The motion to dismiss was filed on behalf of all defendants except Fitch and Harrison, who have not been served.

Plaintiff's claims against the remaining defendants appear to rest on the following events alleged in the complaint. On December 18, 2012, plaintiff was arrested in traffic court. During the course of that arrest, plaintiff alleges he was injured. Plaintiff acknowledges that he was mentally unstable at the time of his arrest because he had not taken his mental health medication for some time. Plaintiff alleges that during his transport to the Sacramento County Jail ("Jail"), he fell a number of times and suffered head and knee injuries because he was not strapped into the police van with a safety belt. Plaintiff also alleges that he gave officers all of his medical and SSI paperwork that reflected his disabilities, but they lost it. (SAC (ECF No. 9) at 9-11.)

Plaintiff alleges that he was required to go to court on December 21, 2012. According to plaintiff, defendants knew he had a knee problem, had just had surgery, and needed a knee brace, but they forced him to walk up the stairs to court. Plaintiff alleges that he told them he could not walk up the stairs because of his pain, but the deputies ignored him. Plaintiff notes that defendants also housed him on the eighth floor of the jail and made him walk up and down the stairs each time he needed to leave or see a visitor. (SAC at 14-16.)

Plaintiff makes the following specific allegations against each defendant who moves to dismiss.

- **Sheriff Jones**

Plaintiff alleges Jones failed to train and supervise jail employees to adhere to medical chronos requiring that plaintiff be housed on a lower tier and is to avoid climbing stairs. Plaintiff further alleges Jones was responsible for policies, or lack of policies, that caused his medical needs to be ignored. (SAC at 3.) According to plaintiff, the Jail lacked "appropriate policies, guidelines and procedures" regarding the "housing and custodial classification of inmates"

2

"whose serious medical need[s] require that they be place[d] on a lower bed in a lower tier" and not forced to walk up stairs. (SAC at 21, 23.) Finally, plaintiff alleges that on January 15, 2013 he filed a grievance complaining about the lack of medical care. At that time, he sent a message request and grievance to Jones by giving it to Deputy Her. In that message, plaintiff told Jones "that the medical personal have informed him that they cannot accommodate the plaintiff's medical needs." (SAC at 16-17.)

- **Lieutenant Douglas**

Plaintiff alleges Douglas was responsible for the training and supervision of the Jail's custodial employees, including defendants Gandhi, Grgich, and Carmello. Plaintiff claims Douglas was "responsible for the promulgation of the policies and procedures and permitted the customs/practices pursuant to which the acts alleged herein were committed." (SAC at 4, 21.) In addition, plaintiff alleges that on January 14, 2013, he sent a message request to defendant Douglas asking for assistance with his knee, that was then swollen. Plaintiff states Douglas told him to contact medical personnel for help. According to plaintiff, Douglas's failure to help him allowed plaintiff to suffer. (SAC at 16.)

- **Sergeant Bacoch**

Plaintiff alleges Bacoch was responsible for the training and supervision of the Jail's custodial employees. Plaintiff claims Bacoch was "responsible for the promulgation of the policies and procedures and permitted the customs/practices pursuant to which the acts alleged herein were committed." (SAC at 5-6, 21.) In addition, plaintiff contends Bacoch responded to plaintiff's February 4, 2013 grievance that defendant Doe 13 forced him to use stairs by stating that Doe 13's action were acceptable "because of the threat of violence and furthermore the injury from the incident was minimal." (SAC at 19.)

- **Sergeant Steed**

Plaintiff alleges Steed was responsible for the training and supervision of the Jail's custodial employees. Plaintiff claims Steed was "responsible for the promulgation of the policies and procedures and permitted the customs/practices pursuant to which the acts alleged herein were committed." (SAC at 5, 21.) In addition, plaintiff alleges that on December 21, 2012, Steed

3

was one of the officers who escorted him to court and forced him to walk up stairs after plaintiff told them "he cannot walk up the stairs to court because of his knee problem and the pain he is in." (SAC at 14.)

- **Deputy Grgich**

Plaintiff states that the jail gave him shots of two unprescribed medications because they did not receive his list of medications until December 21, 2012. The list arrived because defendant Grgich "got the telephone number of the plaintiff's mother at court, and gave it to the plaintiff, which in turn plaintiff gave it to the doctors and she told them his prescribed medications because he could not remember." (SAC at 13-14.) Plaintiff further alleges that Grgich was one of the deputies who took him to court on December 21, 2012 and forced him to use stairs. (SAC at 14.)

- **Deputy Gandhi**

Plaintiff alleges Gandhi was one of the deputies who took him to court on December 21, 2012 and forced him to use stairs. (SAC at 14.)

- **Deputy Carmello**

Plaintiff alleges Carmello escorted plaintiff to court on December 26, 2012 and again made him walk up stairs despite being told by plaintiff that plaintiff was in "extreme pain and had just had surgery." (SAC at 15.)

- **County of Sacramento**

Plaintiff alleges the County of Sacramento is liable because it is responsible for the "policies, procedures and practices/customs" which resulted in his injuries. Plaintiff further alleges that the County, and defendants Jones, Douglas, Steed, and Bacoch failed to train employees and "failed to promulgate appropriate policies, guidelines and procedures as it relates to the housing and custodial classification of inmates and in particular, a failure to properly have procedures regarding the housing/bed assignments of Sacramento County Main Jail . . . inmates whose serious medical needs require that they be place[d] on a lower bed in a lower tier, and furthermore not forcibly be instructed or . . . willfully made to walk up stairs." (SAC at 3, 21.)

////

Plaintiff contends that as a result of defendants' actions, he suffered injury to his knee, injury to his head, injury to his legs and hands from being shackled for multiple hours, severe congestion and asthma related problems. (SAC at 22.)

## LEGAL STANDARDS

### I.      Rule 12(b)(6) Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only

allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).

**II.     Legal Standards for Fourteenth Amendment Deliberate Indifference Claims**

The Fourteenth Amendment's Due Process Clause prohibits deliberate indifference to a pretrial detainee's health and safety. Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010). The Eighth Amendment prohibition on "cruel and unusual punishments" applies to convicted inmates. Whitley v. Albers, 475 U.S. 312, 319 (1986). Under either amendment, the standards for deliberate indifference are the same. Simmons, 609 F.3d at 1017. To prevail on a claim of deliberate indifference, the plaintiff must show, objectively, that he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). The plaintiff must also show that each defendant had, subjectively, a culpable state of mind in causing or allowing plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

The Ninth Circuit has clarified the elements necessary to state a deprivation that rises to the level of a constitutional violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132–33 (9th Cir. 2000). Determining "deliberate indifference" is a two-part inquiry. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citing Farmer, 511 U.S. at 834). First, the inmate must show that the prison officials were aware of a "substantial risk of serious harm" to an inmate's health or safety. Id. Second, the inmate must show that the prison officials had no "reasonable" justification for the deprivations, in spite of that risk. Farmer, 511 U.S. at 844 ("Prison officials who actually knew of a substantial risk to inmate health

////

6

or safety may be found free from liability if they responded reasonably."); Thomas, 611 F.3d at 1150.

### III. Legal Standards Applicable to Negligence Claims

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2006). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." Ileto v. Glock Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). "To establish negligence, a party must prove the following: (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Hair v. California, 2 Cal. App. 4th 321 (1991) (emphasis and citations omitted).

## ANALYSIS

### I. Official Capacity Claims

Defendants argue that they may not be sued in their official capacities. Because plaintiff does not seek injunctive relief, but only damages, defendants are correct. Plaintiff's official capacity claims for damages are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169-70 (1985) (Eleventh Amendment immunity from damages in federal court action against state remains in effect when state officials are sued for damages in their official capacity). Plaintiff's claims against defendants in their official capacities should be dismissed.

### II. Deliberate Indifference Claims

#### A. County of Sacramento

Defendants contend plaintiff has failed to sufficiently allege the County had a policy which resulted in the constitutional violations. A municipality may not be held liable unless its policy or custom caused the constitutional injury. See Leatherman v. Tarrant County Narc. Intell. and Coord. Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005).

7

A section 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).  To withstand a motion to dismiss, plaintiff's claim must consist of more than mere "formulaic recitations of the existence of unlawful policies, customs, or habits." J.K.G. v. County of San Diego, No. 11CV305 JLS (RBB), 2011 WL 5218253, at *8 (S.D. Cal. Nov. 2, 2011); Twombly, 550 U.S. at 555 (plaintiff must plead more than "labels and conclusions").

Here, the second amended complaint contains no more than vague and conclusory allegations regarding the existence of, and lack of, policies that resulted in plaintiff's injuries and the failure to properly train and supervise deputies.  Plaintiff alleges no specific facts regarding those policies, or lack thereof, and alleges no specific deficiencies in Sacramento County's training and supervision of deputies.  See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.)

Plaintiff must, at a minimum, identify the challenged policy, explain how it is deficient, and explain how it caused plaintiff harm.  See Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009).  Further, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell . . . ." City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985).

In short, the facts alleged by plaintiff here relate to a few specific incidents regarding his treatment while at the Jail as opposed to a pervasive problem with a specific Sacramento County policy, practice, or custom or specific issues with training.  Plaintiff has done little more than take his claims against individual Jail staff and attempt to turn them into policy and training issues.

Accordingly, this court will recommend that plaintiff's claim against the County of Sacramento be dismissed.  The court finds dismissal without leave to amend appropriate at this

point. Plaintiff has been given two opportunities to amend his complaint to, among other things, state a claim against the County of Sacramento. The court finds plaintiff's failure to allege a claim against the County of Sacramento cannot, at this point, be cured by yet another opportunity to amend. Cf. Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (where district court has already granted plaintiff leave to amend, its discretion in allowing further amendment is particularly broad).

**B. Claims against Jones, Douglas, Bacoch, and Steed for Policies and Training**

Plaintiff also makes boilerplate vague and conclusory allegations that defendants Jones, Douglas, Bacoch, and Steed were responsible for instituting policies, or failing to institute policies, that resulted in the constitutional violations and that they failed to appropriately train Jail staff. Again, plaintiff's allegations are insufficient. Plaintiff fails to describe what each of these defendants personally did with respect to creating, or failing to create, a policy, or with respect to training staff that resulted in his placement on a high floor or deputies requiring that he walk up stairs.

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Atayde v. Napa State Hosp., No. 1:16-cv-0398-DAD-SAB, 2016 WL 4943959, at *10 (E.D. Cal. Sept. 16, 2016) (claim that jail commander was responsible for policies that resulted in employees' deliberate indifference to prisoner's medical needs dismissed were the "complaint fails to allege any specific policies implemented" by the defendant "that lead to" harm).

Therefore, this court finds dismissal of plaintiff's claims based on policies, lack of policies, and failure to train against defendants Jones, Douglas, Bacoch, and Steed should be dismissed. For the reasons stated above with respect to the claims against the County of Sacramento, this court also finds leave to amend would be futile.

////

### C. Remaining Claims against Individual Defendants

#### 1. Sheriff Jones

Plaintiff alleges he notified Jones of the fact his medical conditions were not being considered but Jones never took any action. Defendants claim plaintiff's allegations against Jones are inadequate because plaintiff has not alleged that Jones in fact received the message. Certainly, plaintiff's allegation that "Sheriff Scott Jones now knew about situation firsthand, and refused to help plaintiff" is sufficient to make out a claim that Jones knew of plaintiff's problems and failed to help. (See SAC at 16.) Plaintiff has stated a minimally sufficient claim that Jones was deliberately indifferent to plaintiff's medical needs.

#### 2. Lieutenant Douglas

Plaintiff's allegations against defendant Douglas state that plaintiff requested help from Douglas and Douglas responded by telling plaintiff to contact medical personnel regarding his knee. Plaintiff does not allege Douglas had authority to get him medical care or that he was unable to contact medical personnel himself. Plaintiff fails to state a cognizable claim that Douglas was deliberately indifferent to plaintiff's pain. Accordingly, this court will recommend dismissing plaintiff's claims against defendant Douglas without leave to amend. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

#### 3. Deputy Grgich

Defendant contends that plaintiff's statement that Grgich was involved in obtaining plaintiff's medical records is the only substantive factual allegation against Grgich in the complaint. That is not true. Plaintiff also alleged Grgich was one of the deputies who escorted him to court on December 21, 2012 and, despite his pleas that he was unable to do so, forced plaintiff to walk up stairs.

////

The court agrees that plaintiff does not state a claim against Grgich with respect to the medical records because plaintiff does not show Grgich's actions harmed him in any way. Plaintiff only alleges that Grgich was the one who initiated actions to obtain plaintiff's medical records.

With respect to plaintiff's claim that Grgich forced him to walk up stairs, defendants argue that plaintiff's medical records, received by the Jail on December 28, 2012, showed, by plaintiff's own admission, that his knee was in "excellent condition." Therefore, according to defendants, plaintiff pleads contradictory facts – that his knee was in excellent condition but that his knee was injured and he could not use stairs. Defendants' argument ignores plaintiff's contentions that he had a preexisting knee injury that was exacerbated during the course of his arrest and transport to the Jail on December 18, 2012. (SAC (ECF No. 9) at 9-11.) Plaintiff specifically states that the medical records showed his knee was in "excellent condition" *prior to* his December 18 arrest. (Id. at 15.) This court finds plaintiff states a cognizable claim of deliberate indifference by Grgich for forcing plaintiff to walk up stairs on December 21, 2012.

### 4.  Sergeant Steed and Deputy Gandhi

Plaintiff also alleges defendants Steed and Gandhi were involved in escorting him, and forcing him to walk up stairs, on December 21, 2012. For the same reasons, plaintiff has adequately alleged deliberate indifference on the part of Steed and Gandhi.

### 5.  Sergeant Bacoch

Plaintiff's only allegation against defendant Bacoch is that he responded inappropriately to plaintiff's grievance regarding Doe 13's actions. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. See George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013). The review assessment of a correctional official may constitute deliberate indifference only if the official was aware that the underlying challenged action caused plaintiff "further significant injury or the unnecessary and wanton infliction of pain," and the official purposefully failed to pursue an appropriate remedy. Farmer v. Brennan, 511 U.S. 825, 842 (1994); see also Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison officials, particularly

those in administrative positions, may be "liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help").

Plaintiff has not shown that Bacoch's apparent denial of his appeal caused plaintiff any harm. Accordingly, plaintiff fails to adequately allege Bacoch exhibited deliberate indifference. Because this court finds plaintiff cannot state facts sufficient to allege a claim against Bacoch on these grounds, the court will recommend dismissal of plaintiff's claims against Bacoch without leave to amend.

### 6. Deputy Carmello

Plaintiff alleges defendant Carmello forced him to walk up stairs on December 26, 2012. Like the similar allegations against Grgich, Steed, and Gandhi, this is adequate to state a cognizable claim for deliberate indifference.

### III. Negligence Claims

Defendants make the same arguments as above with respect to plaintiff's state law claims that defendants were negligent. For the reasons set forth above, the court finds plaintiff has alleged cognizable claims for negligence against defendants Jones, Grgich, Steed, Gandhi, and Carmello regarding his medical needs. Plaintiff fails to allege cognizable claims for negligence against defendants County of Sacramento, Douglas, and Bacoch.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the motion to dismiss of defendants Bacoch, Carmello, County of Sacramento, Douglas, Gandhi, Grgich, Jones, and Steed be granted in part and denied in part as follows:

1. The claims against defendants in their official capacities be dismissed;
2. All claims against defendant County of Sacramento be dismissed;
3. The claims regarding the creation of, or failure to create, policies, practices and customs, and the claims of failure to train, against defendants Jones and Steed be dismissed;
4. All claims against defendants Douglas and Bacoch be dismissed; and
5. This case proceed on plaintiff's claims of deliberate indifference and negligence against defendants Jones, Grgich, Steed, Gandhi, and Carmello, as described above.

These findings and recommendations will be submitted to the United States District Judge

1. assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
2. after being served with these findings and recommendations, any party may file written
3. objections with the court and serve a copy on all parties. The document should be captioned
4. "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
5. objections shall be filed and served within seven days after service of the objections.  The parties
6. are advised that failure to file objections within the specified time may result in waiver of the
7. right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8. Dated:  February 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/alst1488.mtd